UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

MHU HOLDINGS, LLC

        Plaintiff,

  -against-

ARES FUNDING, LLC,

        Defendant.

- - - - - - - - - - - - - - - - x

08 Civ.

**COMPLAINT**

JUDGE HOLWELL

08 CIV 6179

Plaintiff MHU Holdings, LLC, by its attorneys Gibson, Dunn & Crutcher LLP, for its Complaint against Defendant Ares Funding, LLC, alleges as follows:

### NATURE OF ACTION

1. This is an action for breach of contract and breach of fiduciary duties. Plaintiff seeks temporary, preliminary, and permanent injunctive relief and damages.

2. Plaintiff and Defendant are members and co-managers of Mount Holly Partners LLC (the "Venture"). The purpose of the Venture is to develop a residential community, ski resort, and golf course in Utah.

3. The Venture is governed by an Operating Agreement, dated December 15, 2006, as well as certain amendments thereto, by and between Plaintiff and Defendant, as well as a third party known as CPB Development LLC (the "Agreement").

4. On information and belief, Defendant has engaged in various fraudulent and improper activities with respect to the

operation and fiscal management of the Venture, in breach of various provisions of the Agreement.

5.  The Agreement expressly provides for the immediate suspension of a Manager's ability to act without written member approval once "Cause" (as discussed further below) is asserted by any member. This suspension occurs immediately – *and without regard to any claims or alleged defenses the Manager may have*. The suspension lasts until the matter of "Cause" is resolved.

6.  Plaintiff is a member of the Venture and Plaintiff has asserted that Defendant should be removed for "Cause." Defendant has refused to cease acting as Manager and has refused to obtain the written consent of the members before acting on behalf of the Venture.

7.  The Agreement recognizes the urgency with which a Manager may need to be suspended from acting unilaterally. Accordingly, the Agreement carves out the matter of "Cause" and suspension from an overarching provision to arbitrate disputes by specifically providing that the member may seek injunctive relief enjoining the Manager.

8.  The Agreement also provides that "the determination of whether or not Cause exists may be referred . . . to the court in such proceeding in which case the provisions of this Agreement regarding arbitration shall no longer apply to such matter."

**PARTIES, JURISDICTION, AND VENUE**

9. Plaintiff MHU Holdings, LLC ("MHU") is a limited liability company organized under the laws of Delaware with its principal place of business in New York. Plaintiff owns 50% of the Venture and is a co-Manager of the Venture.

10. Defendant Ares Funding, LLC ("Ares") is a limited liability company organized under the laws of Utah with its principal place of business in Utah. Defendant owns 45% of the Venture and is the other co-Manager of the Venture.

11. CPB Development LLC, not a party to this action, holds the remaining 5% of the Venture and has no management rights.

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because this is an action between citizens of different States, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this District and because Ares is subject to personal jurisdiction in this District.

**FACTUAL ALLEGATIONS**

A. **Defendant Must Be Immediately Suspended.**

14. Section 5.10 of the Agreement provides that a Manager is immediately suspended from acting without prior written member approval if a member **_asserts_** (as opposed to proves) a breach amounted to "Cause" as defined under the Agreement: "Upon such notice being given, the appointment of the [Manager],

3

shall immediately be deemed suspended until the matter of Cause is resolved and the [Manager] shall take no action as a Manager during the period of suspension without the written approval of the Members . . . ."

15. Plaintiff provided Defendant with a Notice of Default on June 19, 2008, detailing Defendant's numerous breaches of the Agreement and asserting that such breaches amounted to "Cause." Attached hereto as Exhibit A is a true and correct copy of Plaintiff's Notice of Default.

16. The Notice of Default states that, "[e]ffective immediately, and despite any defenses [defendant] may claim to have, it may take no action . . . ."

17. Defendant refused to be suspended. Instead, Defendant replied by letter dated June 25, 2008, asserting various reasons why it had not breached the Agreement. Attached hereto as Exhibit B is a true and correct copy of Defendant's June 25, 2008 letter.

18. Defendant's alleged claims and defenses are irrelevant to Defendant's suspension. The Agreement requires that the suspension take immediate effect and continue until the "matter of Cause is resolved."

**B.   There is "Cause" to Remove Defendant.**

19. The Agreement provides that "the determination of whether or not Cause exists may be referred . . . to the court in such proceeding in which case the provisions of this Agreement regarding arbitration shall no longer apply to such matter."

20. The Agreement defines "Cause" to include the making . . . of a material misrepresentation in this Agreement [or] any misappropriation, embezzlement, theft or deceit . . . .

21. There is Cause to remove Defendant.

22. On information and belief, Defendant has entered into agreements with third parties that purport to modify the governance and management of the Venture without the approval or knowledge of Plaintiff, in violation of certain sections of the Agreement, including, but not limited to, Sections 3.4, 5.1, and 9.1 of the Agreement.

23. On information and belief, Defendant has failed to act under a budget and operating plan for the Venture in violation of Sections 3.4(e) and 5.3 of the Agreement.

24. On information and belief, Defendant has distributed funds from the Venture directly to its owners, employees, affiliates and family members of affiliates in violation of the Agreement.

25. On information and belief, Defendant is in breach of the representations and warranties set forth in the Agreement, including, but not limited to, those set forth in Section 2.7 of the Agreement.

26. On information and belief, Defendant and its affiliates, employees and agents have committed fraud, misappropriation, embezzlement, theft and deceit with regard to the Venture's funds.

C.  **The Agreement Ensures That The Venture's Operations Will Be Able to Continue During the Determination of "Cause."**

27. There will be no real harm to Defendant because, per the terms of the Agreement, Defendant is not ousted but, rather, must obtain the written approval of all members before taking any action affecting the Venture.

28. Thus, the provisions of the Agreement are intended to create transparency in exactly this type of situation -- *i.e.*, where a Manager has been accused of improper conduct, the other members immediately become active participants in the decision-making process.

29. Moreover, Plaintiff, as the remaining co-Manager, will be able to continue to manage the day to day operations of the Venture.

**CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

30. Plaintiff repeats and realleges paragraphs 1 through 28 above, as if set forth here in full.

31. The Agreement requires that Defendant be immediately suspended from acting without written member approval once Plaintiff alleges "Cause."

32. Plaintiff has alleged "Cause."

33. Defendant has continued to act as Manager of the Venture without obtaining written member approval, in violation of the Agreement.

34. Defendant has breached the Agreement in numerous other ways, as set forth above.

35. Plaintiff has been irreparably harmed, and is continuing to be irreparably harmed, by these breaches.

36. Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duties)

37. Plaintiff repeats and realleges paragraphs 1 through 28 above, as if set forth here in full.

38. By virtue of its position as Manager of the Venture, Defendant owes various fiduciary duties to Plaintiff, which Defendant has breached.

39. Plaintiff has been irreparably harmed, and is continuing to be irreparably harmed, by these breaches.

40. Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant and for the following relief:

(a) A preliminary and permanent injunction prohibiting Defendant from acting as a Manager of the Venture;

(b) A declaration that Plaintiff is the sole Manager of the Venture;

(c) A declaration that Defendant has breached the Agreement and that such breaches constitute "Cause" as defined by the Agreement;

(d) Compensatory, punitive and any and all other damages available by law at the maximum amount permitted by law;

(e) An award to Plaintiff of its attorneys' fees, costs and disbursements in prosecuting this action to the extent permitted in the Agreement and by Law;

(f) Prejudgment interest according to law; and

(g) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 7, 2008

                GIBSON, DUNN & CRUTCHER LLP

                By: _____
                    Mitchell A. Karlan (MK-4413)

                200 Park Avenue
                47th Floor
                New York, New York 10166-0193
                Telephone: (212) 351-4000
                Facsimile: (212) 351-4035

                Attorneys for Plaintiff
                MHU Holdings, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x
MHU HOLDINGS, LLC                :
                                 :
         Plaintiff,              :
                                 :   08 CIV 6179
    -against-                    :
                                 :   COMPLAINT
ARES FUNDING, LLC,               :
                                 :
         Defendant.              :
                                 :
- - - - - - - - - - - - - - - - x

RECEIVED JUL 07 2008 U.S.D.C. S.D.N.Y. CASHIERS

JUDGE HOLWELL

Plaintiff MHU Holdings, LLC, by its attorneys Gibson, Dunn & Crutcher LLP, for its Complaint against Defendant Ares Funding, LLC, alleges as follows:

### NATURE OF ACTION

1.  This is an action for breach of contract and breach of fiduciary duties. Plaintiff seeks temporary, preliminary, and permanent injunctive relief and damages.

2.  Plaintiff and Defendant are members and co-managers of Mount Holly Partners LLC (the "Venture"). The purpose of the Venture is to develop a residential community, ski resort, and golf course in Utah.

3.  The Venture is governed by an Operating Agreement, dated December 15, 2006, as well as certain amendments thereto, by and between Plaintiff and Defendant, as well as a third party known as CPB Development LLC (the "Agreement").

4.  On information and belief, Defendant has engaged in various fraudulent and improper activities with respect to the

operation and fiscal management of the Venture, in breach of various provisions of the Agreement.

5. The Agreement expressly provides for the immediate suspension of a Manager's ability to act without written member approval once "Cause" (as discussed further below) is asserted by any member. This suspension occurs immediately – ***and without regard to any claims or alleged defenses the Manager may have***. The suspension lasts until the matter of "Cause" is resolved.

6. Plaintiff is a member of the Venture and Plaintiff has asserted that Defendant should be removed for "Cause." Defendant has refused to cease acting as Manager and has refused to obtain the written consent of the members before acting on behalf of the Venture.

7. The Agreement recognizes the urgency with which a Manager may need to be suspended from acting unilaterally. Accordingly, the Agreement carves out the matter of "Cause" and suspension from an overarching provision to arbitrate disputes by specifically providing that the member may seek injunctive relief enjoining the Manager.

8. The Agreement also provides that "the determination of whether or not Cause exists may be referred . . . to the court in such proceeding in which case the provisions of this Agreement regarding arbitration shall no longer apply to such matter."

## PARTIES, JURISDICTION, AND VENUE

9.  Plaintiff MHU Holdings, LLC ("MHU") is a limited liability company organized under the laws of Delaware with its principal place of business in New York. Plaintiff owns 50% of the Venture and is a co-Manager of the Venture.

10. Defendant Ares Funding, LLC ("Ares") is a limited liability company organized under the laws of Utah with its principal place of business in Utah. Defendant owns 45% of the Venture and is the other co-Manager of the Venture.

11. CPB Development LLC, not a party to this action, holds the remaining 5% of the Venture and has no management rights.

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because this is an action between citizens of different States, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this District and because Ares is subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

A.  **Defendant Must Be Immediately Suspended.**

14. Section 5.10 of the Agreement provides that a Manager is immediately suspended from acting without prior written member approval if a member **asserts** (as opposed to proves) a breach amounted to "Cause" as defined under the Agreement: "Upon such notice being given, the appointment of the [Manager],

3

shall immediately be deemed suspended until the matter of Cause is resolved and the [Manager] shall take no action as a Manager during the period of suspension without the written approval of the Members . . . ."

15. Plaintiff provided Defendant with a Notice of Default on June 19, 2008, detailing Defendant's numerous breaches of the Agreement and asserting that such breaches amounted to "Cause." Attached hereto as Exhibit A is a true and correct copy of Plaintiff's Notice of Default.

16. The Notice of Default states that, "[e]ffective immediately, and despite any defenses [defendant] may claim to have, it may take no action . . . ."

17. Defendant refused to be suspended. Instead, Defendant replied by letter dated June 25, 2008, asserting various reasons why it had not breached the Agreement. Attached hereto as Exhibit B is a true and correct copy of Defendant's June 25, 2008 letter.

18. Defendant's alleged claims and defenses are irrelevant to Defendant's suspension. The Agreement requires that the suspension take immediate effect and continue until the "matter of Cause is resolved."

**B.   There is "Cause" to Remove Defendant.**

19. The Agreement provides that "the determination of whether or not Cause exists may be referred . . . to the court in such proceeding in which case the provisions of this Agreement regarding arbitration shall no longer apply to such matter."

4

20. The Agreement defines "Cause" to include the making . . . of a material misrepresentation in this Agreement [or] any misappropriation, embezzlement, theft or deceit . . . .

21. There is Cause to remove Defendant.

22. On information and belief, Defendant has entered into agreements with third parties that purport to modify the governance and management of the Venture without the approval or knowledge of Plaintiff, in violation of certain sections of the Agreement, including, but not limited to, Sections 3.4, 5.1, and 9.1 of the Agreement.

23. On information and belief, Defendant has failed to act under a budget and operating plan for the Venture in violation of Sections 3.4(e) and 5.3 of the Agreement.

24. On information and belief, Defendant has distributed funds from the Venture directly to its owners, employees, affiliates and family members of affiliates in violation of the Agreement.

25. On information and belief, Defendant is in breach of the representations and warranties set forth in the Agreement, including, but not limited to, those set forth in Section 2.7 of the Agreement.

26. On information and belief, Defendant and its affiliates, employees and agents have committed fraud, misappropriation, embezzlement, theft and deceit with regard to the Venture's funds.

### C. The Agreement Ensures That The Venture's Operations Will Be Able to Continue During the Determination of "Cause."

27. There will be no real harm to Defendant because, per the terms of the Agreement, Defendant is not ousted but, rather, must obtain the written approval of all members before taking any action affecting the Venture.

28. Thus, the provisions of the Agreement are intended to create transparency in exactly this type of situation -- *i.e.*, where a Manager has been accused of improper conduct, the other members immediately become active participants in the decision-making process.

29. Moreover, Plaintiff, as the remaining co-Manager, will be able to continue to manage the day to day operations of the Venture.

### CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
(Breach of Contract)

30. Plaintiff repeats and realleges paragraphs 1 through 28 above, as if set forth here in full.

31. The Agreement requires that Defendant be immediately suspended from acting without written member approval once Plaintiff alleges "Cause."

32. Plaintiff has alleged "Cause."

33. Defendant has continued to act as Manager of the Venture without obtaining written member approval, in violation of the Agreement.

34. Defendant has breached the Agreement in numerous other ways, as set forth above.

35. Plaintiff has been irreparably harmed, and is continuing to be irreparably harmed, by these breaches.

36. Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duties)

37. Plaintiff repeats and realleges paragraphs 1 through 28 above, as if set forth here in full.

38. By virtue of its position as Manager of the Venture, Defendant owes various fiduciary duties to Plaintiff, which Defendant has breached.

39. Plaintiff has been irreparably harmed, and is continuing to be irreparably harmed, by these breaches.

40. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant and for the following relief:

(a) A preliminary and permanent injunction prohibiting Defendant from acting as a Manager of the Venture;

(b) A declaration that Plaintiff is the sole Manager of the Venture;

(c) A declaration that Defendant has breached the Agreement and that such breaches constitute "Cause" as defined by the Agreement;

(d) Compensatory, punitive and any and all other damages available by law at the maximum amount permitted by law;

(e) An award to Plaintiff of its attorneys' fees, costs and disbursements in prosecuting this action to the extent permitted in the Agreement and by Law;

(f) Prejudgment interest according to law; and

(g) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 7, 2008

        GIBSON, DUNN & CRUTCHER LLP

By: _____
    Mitchell A. Karlan (MK-4413)

200 Park Avenue
47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Attorneys for Plaintiff
MHU Holdings, LLC